# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,  3:15CR00024

    Plaintiff,

v.  **ORDER**

Ana Angelica Pedro Juan,

    Defendant.

Defendant Ana Angelica Pedro Juan has filed a motion for reduction of her sentence under 18 U.S.C. § 3582(c)(2). (Doc. 134).

For the reasons that follow, I deny the motion.

## Background

Defendant pled guilty to participating in unlawful trafficking in illegal immigrant farm workers, several of whom were minors.

Defendant entered her plea after November 1, 2015–the effective date of Guideline Amendment 794. I sentenced defendant on June 27, 2016. At sentencing, I found that defendant had "a very active role, particularly with the minor defendants (*sic*) [plaintiffs]." Indeed, I found that she was "a principal participant" in the offense and was "actively involved" in the conspiracy. In light of her primary role in what was a particularly vile and inhumane crime and on consideration of the §3553(a) factors, I sentenced defendant to a term of 120 months' imprisonment.

## Discussion

As already noted, defendant's sentencing occurred after enactment of Amendment 794; on that basis alone, the Amendment provides no basis for the relief she seeks.

In addition, I explicitly considered defendant's horrific role in the offense, thereby rendering her ineligible for relief on the basis that she had played a mitigating role. This is so because Amendment 794 provided for determining whether a mitigating role adjustment applies.

In this case, the evidence at sentencing made manifestly clear that defendant played a major role in the offense: when the primary defendant, who recruited and facilitated the smuggling into the United States of the trafficked farm workers, was absent from the camp and worksite, as often he was, this defendant supervised the near-enslavement conditions. Defendant did so without any apparent regard, much less sympathy or concern, for the living and working conditions to which she and the other conspirators subjected the victims.

Even if Amendment 794 applied, defendant's conduct and role in the offense and its consequences on its victims would utterly disqualify her for the reduction she now seeks.

It is, accordingly,

ORDERED THAT: defendant's motion to reduce sentence (Doc. 134) be, and the same hereby is, denied with prejudice.

An appeal from this decision would have no plausible merit, as jurists of reason could not dispute either its rationale or result. No such appeal shall be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge